[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11774

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC PAUL KRUMM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:19-cr-00053-CAR-CHW-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Eric Krumm appeals his sentence of 134 months of imprisonment for two counts of distributing child pornography, 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), and one count of possessing child pornography, id. § 2252A(a)(5)(B) and (b)(2). Krumm argues that his sentence is substantively unreasonable. We affirm.

In October 2016, a detective who used a peer-to-peer software program to investigate child pornography crimes detected another computer user downloading and sharing child pornography. The detective connected to that user's computer and downloaded files containing child pornography, including a ten-minute video. A month later, the detective's computer connected to a computer and downloaded about 75 images and two videos containing child pornography. One video was an hour long, and the other video was eleven hours long and depicted a prepubescent minor undressing at approximately five hours into the video. Officers traced the internet protocol addresses to Krumm's residence.

In February 2017, officers executed a search warrant at Krumm's residence and seized multiple electronic devices. A digital forensic examination of the devices revealed "150 unique images and seven unique videos" containing child pornography, which primarily depicted prepubescent minors, as well as 5,248 images and two videos containing "erotica/age difficult" material. Krumm's

search history reflected searches for names associated with child pornography. While investigating Krumm, who worked in information technology, officers also discovered that he was the subject of a 2008 state investigation involving the suspected possession of child pornography on his work computer.

A jury convicted Krumm of all counts. His presentence investigation report provided a base offense level of 22, U.S.S.G. § 2G2.2(a)(2) (Nov. 2021), added two levels because the material involved prepubescent minors, *id.* § 2G2.2(b)(2), added two levels because he knowingly distributed images and videos containing child pornography, *id.* § 2G2.2(b)(3)(F), added four levels because the material portrayed sadistic or masochistic conduct, *id.* § 2G2.2(b)(4)(A), added two levels for using a computer to commit the offense, *id.* § 2G2.2(b)(6), and added five levels because the offense involved 600 or more images, *id.* § 2G2.2(b)(7). With a total offense level of 37 and a criminal history category of I, Krumm's advisory guideline range was 210 to 240 months of imprisonment, and his statutory maximum sentence was 720 months. The report explained that an upward departure might be warranted because the 11-hour video was substantially longer than five minutes. *See id.* § 2G2.2, cmt. n.6(B)(ii).

Krumm objected to the suggestion of an upward departure. He also requested a downward variance to the mandatory-minimum sentence of 60 months to reflect his lack of criminal history and his personal characteristics, avoid unwarranted sentencing disparities with similarly-situated defendants, and account for the

2012 and 2021 reports by the United States Sentencing Commission regarding the application of section 2G2.2 to non-production child pornography defendants. The government opposed a variance.

At sentencing, the district court heard argument from the parties, received letters from Krumm and his family and character testimony from his wife, and stated that it reviewed his sentencing memorandum and the reports of the Sentencing Commission. After recessing, the district court returned with a statistical report from the Commission website that reflected the sentences imposed on 330 defendants who, like Krumm, had been assigned a total offense level of 37 and criminal history category of I. The district court stated that these similarly-situated defendants received an average sentence of 140 months of imprisonment.

The district court varied downward and sentenced Krumm to 134 months of imprisonment. The district court explained that it considered the advisory sentencing range and the statutory sentencing factors, 18 U.S.C. § 3553(a), made an individual assessment, and concluded that the advisory sentencing range was "simply too much time." The government objected.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Taylor*, 997 F.3d 1348, 1355

(11th Cir. 2021). We will disturb "the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

The district court did not abuse its discretion. The district court varied downward after weighing the statutory sentencing factors, 18 U.S.C. § 3553(a), including Krumm's personal characteristics and family support, and after considering his arguments that a guideline-range sentence of 210 to 240 months was greater than necessary and would result in a significant disparity between him and similarly-situated offenders. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Krumm concedes that this "rationale was sound" but contends that the district court "did not go far enough." He contends that he is less culpable than the typical offender and that the guideline, U.S.S.G. § 2G2.2, treats offenders who have not produced child pornography too harshly. But the district court considered Krumm's arguments before varying below his advisory sentencing range by 76 months, agreed with him that a lower sentence was warranted based on an assessment of his offense and characteristics, and determined that the statutory sentencing factors supported a sentence of 134 months. We cannot say that it committed a clear error in judgment that makes Krumm's sentence too harsh.

Insofar as Krumm implicitly challenges the guideline itself, *id.*, based on the reports of the Sentencing Commission, we have explained that a defendant's argument that he should be granted a downward variance based on his challenge to the Guidelines is a "non-starter." *United States v. Carpenter*, 803 F.3d 1224, 1235 (11th Cir. 2015). The reports of the Sentencing Commission do not "render the non-production child pornography guidelines in § 2G2.2 invalid or illegitimate," nor do they "alter the district court's duties to calculate the advisory guidelines range" or "require the district court to vary from the § 2G2.2-based guidelines range." *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014). We reject Krumm's argument that his sentence is unreasonably severe.

We **AFFIRM** Krumm's convictions and sentence.